# Christiana Evans *against* Joshua Evans, jun.

Feme living separate from baron, executes a release to him of her right of dower in consideration of a certain sum being secured to her annually for life, and after his death for eight years receives the same, the jury may presume from these circumstances a re-delivery of the deed by her.

DOWER of 130 acres of land in Salisbury township.

The tenant pleaded three pleas. 1st. A release. 2d. A jointure during coverture, accepted and agreed to after her husband's death. 3d. An agreement between the demandant and Amos Evans, her late husband, to live separate and apart from him, on a separate maintenance of 15l. per annum, settled on and secured to her, by him. The demandant in her replication negatived these pleas, adding coverture to each; on which issues were joined.

It appeared in evidence, that for some years before the death of the demandant's husband, which took place in January 1796, much family uneasiness subsisted between them, on account of an unfortunate connection he had formed with another woman, by whom he had children. That this ended in a separation, and on his sale of another tract of land, she joined with him in *a conveyance to the purchasers, who gave a bond to her [*508] two brothers on the 1st June 1792, in the penalty of 200l. to secure to them the annual payment of 15l. during her life, for her use; and that she on the same day, by an instrument reciting the provision which had been made for her, released to her husband and his heirs, all her right and title of dower, which was duly acknowledged before her brother, a justice of the peace, who transacted her business for her. The lands in question were of little value, and would not rent for more than 5l. per year. The annual provision of 15l. had been regularly paid to the demandant during her husband's life, and she had received it for eight years after his death, up to the present month of April 1803.

The counsel on each side submitted the cause to the direction of the court; who were clearly of opinion that the release extended to all the lands, by the express terms thereof. The instrument during marriage would not be good at law, which considers baron and feme as one person, with the same interests. But the circumstances of the demandant's frequent acts in receiving her annual provision of 15l. formed a mass of evidence, after the death of her husband, from which the jury might presume a re-delivery of the release, which would be binding on her. Cowp. 201. Loft. 763. Doug. 53, note 7. Indeed it was of moment that it should be so considered, so far as respected the interest of the widow. For if the release was declared to be invalid, the consideration of the bond would fail, and she

[Hersh v. Ringwalt.]

might be reduced to take her one third part of 5l. the rent of the lands in question, and forfeit her right to the 15l. per annum.

The jury readily found a verdict for the tenant.

Mr. Montgomery for the demandant.

Mr. Hopkins for the tenant.